**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| COSTARICA.COM, INC. SOCIEDAD ANONIMA, a foreign corporation; and ALEJANDRO SOLORZANO-PICADO, an individual;<br><br>        Plaintiffs,<br>   v.<br><br><costarica.com>, a domain name;<br><br>        Defendant. | Case No.: 1:16-CV-1465-GBL-TCB |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION FOR ORDER TO PUBLISH NOTICE OF ACTION

Plaintiffs respectfully submit this Memorandum of Law in support of their *Ex Parte* Motion for an Order under the Anticybersquatting Consumer Protection Act (ACPA) 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb) to publish notice of this in rem action against the domain name <costarica.com> (the "Disputed Domain").

## FACTS

Plaintiffs have been the owners of the Disputed Domain <costarica.com> since it was originally created and registered in 1995. Since registering the Disputed Domain, Plaintiffs have continuously resolved the Disputed Domain to a website providing information about travel and tourist destinations in Costa Rica via a global communication network using the marks COSTARICA.COM™ and COSTA RICA. Plaintiffs have made uninterrupted use by the Complainant of the Disputed Domain for more than twenty years.

In 2015 or early 2016, a hacker using a stolen username and password successfully "hacked" the MelbourneIT registration account of the Plaintiffs and transferred the Disputed Domain to its current registrant in Egypt. Upon information and belief, this hacker accessed

Plaintiffs' registration account, changed the administrative settings to forward Plaintiffs' emails and mail to addresses not controlled by the Plaintiffs, and initiated a transfer of the Disputed Domain. The hacker did not redirect the nameservers. As a result, Plaintiffs' website stayed active after the theft. Because Plaintiffs' website was still active, Plaintiffs did not realize until mid-2016 that the Disputed Domain had been fraudulently transferred and converted. Plaintiffs surmise the hacker intended to wait until the expiration of the statute of limitations for conversion and other applicable claims to change the nameservers.

## ARGUMENT

To Plaintiffs' knowledge, the registrant of the Disputed Domain resides now in Egypt and does not have any ongoing business activities in the United States and is thus outside the personal jurisdiction of the Court. The ACPA provides that, for in rem actions such as this one, service of process shall be made by:

> (aa) sending notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
>
> (bb) publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A)(ii)

In the past, this Court has found that publishing a notice in *The Washington Times* is an appropriate and sufficient means of notice. *See Harsco Corp. v. Harscobc.com,* 2012 U.S. Dist. LEXIS 153703 at *1 (E.D. Va. Oct. I, 2013); *see also RMV Enterprises, LLC v. KSoftware.com,* 2012 U.S. Dist. LEXIS 143507 at *8-9 (E.D. Va. Aug. 24, 2012); *United Air Lines, Inc. v. unitedair.com,* 2012 U.S. Dist. LEXIS 95536 at *2-3, 9-10 (E.D. Va. Jun. 11, 2012) (finding single publication of notice of suit in *The Washington Times* to be sufficient notice to South Korean registrant under the ACPA).

## **CONCLUSION**

For the reasons stated herein, Plaintiffs respectfully request that this Motion be granted and that the Court enter the Proposed Order submitted with this Memorandum.

DATED this the 5th day of December, 2016.

/s/ Steven Rinehart
Steven Rinehart (VSB No. 81,738)
*Counsel for Plaintiff*
110 S. Regent Street, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 456-9728
Fax: (801) 665-1292
Mobile: (801) 347-5173
Email: steve@uspatentlaw.us

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2016 a copy of the foregoing **MEMORANDUM IN SUPPORT OF EX PARTE MOTION FOR SERVICE BY PUBLICATION** was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Steven Rinehart
Steven Rinehart