UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| COSTARICA.COM, INC. SOCIEDAD ANONIMA, et al., | ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16cv1465 |
| | ) | |
| <COSTARICA.COM>, | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiffs' Motion for Default Judgment. (Dkt. 10.) After a representative for defendant failed to respond to plaintiffs' motion or to appear at the hearing before Magistrate Judge Ivan D. Davis on February 2, 2017, the undersigned took plaintiff's Motion under advisement.[1]

## I. INTRODUCTION

### A. Background

Plaintiff CostaRica.com is a foreign entity organized under the laws of Costa Rica. (Compl. ¶ 3.) Plaintiff Alejandro Solorzano-Picado is an officer of CostaRica.com, residing in Costa Rica. (Id. at ¶ 4.) Plaintiffs have been the owners of the domain <costarica.com> ("domain") since 1995 and have

---

[1] The record before the Court includes the Complaint ("Compl.") (Dkt. 1), Plaintiffs' Memorandum in Support of Ex Parte Motion for Order to Publish Notice of Action ("Memo. Serv. by Pub.") (Dkt. 3), Plaintiffs' Motion for Default Judgment ("Mot. Default J.") (Dkt. 10), Memorandum in Support of Motion for Default Judgment ("Mem. Supp. Mot. Default J.") (Dkt. 11), Declaration of Steven Rinehart ("Rinehart Decl.") (Dkt. 11-1), and all attachments and exhibits submitted with those filings.

continuously used and promoted the mark since registering the domain. (Id. at ¶ 13-15.) Plaintiffs registered the domain for use as a trademark in connection with travel and tourist related services. (Id. at ¶ 16.) Between 2015 and early 2016, an unauthorized and unknown third party hacked into plaintiffs' MelbourneIT registration account, transferred the domain to its current registrar at Name.com, and changed the administrative settings of plaintiffs' account. (Id. at ¶ 20-21.)

Defendant <costarica.com> is an Internet domain name which is currently registered in Egypt. (Id. at ¶ 5.) The registrar for the domain is Name.com with a principal place of business in Denver, Colorado. (Id. at ¶ 6.) The registry for <costarica.com> is Verisign, Inc. with a principal place of business in Alexandria, Virginia. (Id. at ¶ 7.)

On November 25, 2016, plaintiffs filed this action in rem under the Anticybersquatting Consumer Protection Act ("ACPA") 15 U.S.C. § 1125(d) in an effort to regain control of the domain name. (Id. at ¶ 1.) Plaintiffs seek the entry of an order declaring that plaintiffs are the rightful owners of the domain and directing that the domain be transferred and registered to plaintiffs. (Id. at 8-9; Mot. Default J. 1.)

## B. Jurisdiction and Venue

Before the Court can render default judgment, it must have both subject matter and personal jurisdiction over the

2

defaulting party/parties.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, which provide that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, and over civil actions arising under any federal law relating to patents, plant variety protection, copyrights, and trademarks. Plaintiff's cyberpiracy claim arises under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). The Court has *in rem* jurisdiction over defendant pursuant to 15 U.S.C. § 1125(d)(2)(A) which establishes jurisdiction over a domain name under the ACPA in the judicial district where either the domain name register or registry is located and Verisign, Inc.— the registry of the defendant— is located in this District. (Compl. ¶ 9.) Venue is proper under 15 U.S.C. § 1125(d)(2)(C) due to Verisign's presence in this District.

### C. Service of Process

A plaintiff filing an action under the ACPA must provide notice of the action to the owner/registrant of the allegedly infringing domain name. 15 U.S.C. § 1125(d)(2)(A)-(B). Sufficient notice of an <u>in rem</u> action is established if the Court finds that the owner (1) is not able to obtain <u>in personam</u> jurisdiction over a person who would have been a defendant, in this case the registrant; and (2) through due diligence was not

3

able to find a person who would have been a defendant by both
(a) sending notice of the alleged violation and intent to bring
this action to the registrant of the domain name at the postal
and email address provided by the registrant to the registrar,
and (b) publishing notice of the action as the Court may direct
after filing the action. 15 U.S.C. § 1125(d)(2)(A)(ii).

The undersigned concludes that plaintiff cannot obtain in
personam jurisdiction over the registrant of Domain Names.
Plaintiff's complaint thus satisfies the threshold requirement
of Section 1125(d)(2)(A)(ii)(I). (Compl. ¶ 11.) Plaintiffs ,
despite the exercise of due diligence, were not able to find a
person who would be a defendant in a civil action under 15
U.S.C. § 1125(d)(1). (Mem. Supp. Mot. Default J. 2-3.)
Plaintiffs filed an Ex Parte Motion for Order to Publish Notice
of Action, which this Court granted on December 9, 2016. (Dkts.
2,5.) On January 5, 2017, plaintiffs filed a declaration of
Steven Rinehart providing proof that notice of this action was
published in The Washington Times. (Dkt. 8-1.) Plaintiffs
demonstrated that notice of the lawsuit was sent by mail and
email to the registrant of the domain on December 19, 2016.
(Dkt. 8, 8-2.)  Therefore, the requirements of Section
1125(d)(2)(A)(ii)(II) have been satisfied, and service of
process is deemed complete. See 15 U.S.C. § 1125 (d)(2)(B).

4

## D. Grounds for Default Judgment

To date, no party with an interest in the domain has appeared or otherwise participated in these proceedings. On December 14, 2016, The Washington Times published a notice of this action, which informed parties with an interest of the need to respond in this case. (Dkt. 6-1.) No party responded on behalf of the domain within the time permitted by the Federal Rules of Civil Procedure, so plaintiffs requested entry of default on January 5, 2017. (Dkt. 7.) On January 18, 2017, the Clerk of this Court entered default as to <costarica.com>. (Dkt. 9.) The Honorable Ivan D. Davis held a hearing on plaintiffs' motion on February 2, 2017, at which no representative for the domain appeared. (Dkt. 14.) Finding this matter uncontested, the undersigned took plaintiffs' motion under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

Upon a full review of the pleadings and the record in this case, the undersigned finds that plaintiff has established the following facts.

Plaintiff CostaRica.com is a foreign entity organized under the laws of Costa Rica. (Compl. ¶ 3.) Plaintiff Alejandro Solorzano-Picado is an officer of CostaRica.com, residing in Costa Rica. (Id. at ¶ 4.) Plaintiffs have been the owners of the domain <costarica.com> since 1995 and have continuously used and

promoted the mark since registering the domain. (<u>Id.</u> at ¶ 13-15.) Plaintiffs registered the domain for use as a trademark in connection with travel and tourist related services. (<u>Id.</u> at ¶ 16.) Defendant domain <costarica.com> is an Internet domain name which is currently registered in Egypt. (<u>Id.</u> at ¶ 5.) The registrar for the domain is Name.com with a principal place of business in Denver, Colorado. (<u>Id.</u> at ¶ 6.) The registry for <costarica.com> is Verisign, Inc. with a principal place of business in Alexandria, Virginia. (<u>Id.</u> at ¶ 7.)

Between 2015 and early 2016, an unauthorized and unknown third party, defendant domain, hacked into plaintiffs' MelbourneIT registration account, transferred the domain to its current registrar at Name.com, and changed the administrative settings of plaintiffs' account. (<u>Id.</u> at ¶ 20-21.) Plaintiffs contend the unlawful acts of defendant domain could cause the loss of control of domain and their investment in the domain and website. (<u>Id.</u> at ¶ 24.)

### III. <u>EVALUATION OF PLAINTIFFS' COMPLAINT</u>

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. <u>GlobalSantaFe Corp. v. Globalsantafe.com</u>, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is

appropriate to evaluate plaintiff's claim against the standards of Federal Rule of Civil Procedure 12(b)(6).

### A.   Anticybersquatting Consumer Protection Act

The ACPA allows the owner of a mark to file an _in rem_ civil action against a domain name if the domain name violates the owner's trademark rights, and if the owner of the mark satisfies certain procedural provisions. 15 U.S.C. § 1125(d)(2)(A). These procedural provisions include establishing that the Court lacks _in personam_ jurisdiction over the defendants, or that the plaintiff has been unable to locate the defendants through due diligence. _Id._ § 1125(d)(2)(A)(ii). In an _in rem_ action, the remedies are limited to forfeiture, cancellation, or transfer of the infringing domain name to the owner of the mark. _Id._ § 1125(d)(2)(D).

Thus, to be entitled to relief _in rem_, the owner of a mark must prove a violation of "any right of the owner of a mark registered in the Patent and Trademark Office" or protected under subsections 1125(a) or (c). _Id._ § 1125(d)(2)(A)(i). The phrase "any right of the owner of a mark" encompasses claims brought under Section 1125(d)(1). _Harrods Ltd. v. Sixty Internet Domain Names_, 302 F.3d 214, 224, 228, 232 (4th Cir. 2002).

Plaintiffs seek relief under Section 1125(d)(1). That provision creates civil liability for registering, trafficking in, or using a domain name that is "identical or confusingly

7

similar" to a plaintiff's mark, with a bad faith intent to profit from that mark. 15 U.S.C. § 1125(d)(1)(A). Thus, to establish such a cybersquatting violation, a plaintiff must prove: (1) plaintiff's ownership of a valid and protectable mark; (2) defendant's use of a domain name that is "identical or confusingly similar" to plaintiff's mark; and (3) defendant's bad faith intent to profit from the mark. See id.

### 1. *Plaintiffs Possess a Valid and Protectable Mark*

The undersigned finds that the plaintiffs have sufficiently pled protectable rights in the CostaRica.com mark as alleged in the Complaint. Plaintiffs' registration of the CostaRica.com mark is prima facie evidence of the validity and distinctiveness of the mark. America Online, Inc. v. AT&T Corp., 243 F.3d 812, 816 (4th Cir. 2001). Further, through promotion of CostaRica.com by plaintiffs, the CostaRica.com mark has become famous or distinctive among Internet users in connection with plaintiffs' services. (Compl. ¶ 19.) Plaintiffs have engaged in continuous use of the domain in the promotion of a business. (Mem. Supp. Mot. Default J. 6.) Plaintiffs have consequently obtained common law rights in the CostaRica.com mark. See U.S. Search, LLC v. U.S. Search.com, Inc., 300 F.3d 517, 523 (4th Cir. 2002). Therefore, plaintiffs are entitled to enforce the provisions of Section 1125(d) against any domain name that violates its rights in that mark.

### 2.  Defendant Registered a Confusingly Similar Domain Name

The undersigned finds that plaintiffs' Complaint sufficiently demonstrates that the domain name <costarica.com> is confusingly similar to the mark in which plaintiffs possess protectable rights. The confusing similarity standard is satisfied when a domain name is virtually identical to the plaintiff's mark. See Agri-Supply Co. v. Agrisupply.com, 457 F. Supp. 2d 660, 663 (E.D. Va. 2006). Plaintiffs have alleged sufficient facts to satisfy this requirement of the ACPA.

### 3.  Defendant Has Acted with a Bad Faith Intent

Finally, the undersigned finds that plaintiffs' Complaint pleads facts evidencing defendant's bad faith intent to profit from plaintiffs' mark. Under the ACPA, bad faith intent may be shown by weighing nine factors. 15 U.S.C. § 1125(d)(1)(B)(i). The factors are given to courts as a guide and need not be exhaustively considered in every case. Lamparello v. Falwell, 420 F.3d 309, 319-20 (4th Cir. 2005). In pertinent part, the factors relevant to a finding of bad faith include: a defendant's lack of intellectual property rights in the domain name; a defendant's intent to divert consumers from the mark owner's website in such a way that could harm the goodwill of the mark due to a likelihood of confusion as to affiliation or endorsement of the site; a defendant's provision of false contact information when applying for registration of the domain

name; and a defendant's registration of multiple domain names
that the defendant knows are identical to marks of another which
are distinctive at the time of registration. 15 U.S.C. §§
1125(d)(1)(B)(i)(I), (V), (VII), (VIII).

Based on these factors, the undersigned finds that
defendant has acted with a bad faith intent to profit from
plaintiffs' mark in violation of the ACPA. Plaintiffs contend
the registration of the domain mark without authorization from
plaintiffs exhibits bad faith. (Compl. ¶27; Mem. Supp. Mot.
Default J. 6); See also Traffic Names, Ltd. v. Zhenghui Yiming,
No. 14-cv-1607, 2015 WL 2238052, at *5 (E.D. Va. May 12, 2015).
Plaintiffs indicate the registrant of the domain has not engaged
in bona fide noncommercial use or fair use of the
<costarica.com> domain name. (Compl. ¶ 28.) Registrant
registered the domain with the intent to divert Internet
visitors away from Plaintiffs for commercial gain. (Id. at ¶
30.) Accordingly, plaintiffs plead facts regarding actions taken
by the current registrant of the defendant domain that
demonstrate bad faith pursuant to the factors enumerated in 15
U.S.C. § 1125(d)(1)(B)(i).

Because the remaining procedural provisions of 15 U.S.C. §
1125(d) have been satisfied, the Court may order the transfer of
the domain <costarica.com> to plaintiffs. 15 U.S.C. §§
1125(d)(1)(C), 1125(d)(2)(D)(i).

10

## B. Quiet Title

Under Virginia law, "[a]n action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." Ruggia v. Washington Mut., 719 F. Supp. 2d 642, 648 (E.D. Va. 2010), aff'd, 442 F. App'x 816 (4th Cir. 2011)(citing Maine v. Adams, 277 Va. 230, 238, 672 S.E.2d 862 (2009)). Plaintiffs have valid legal title to the domain <costarica.com> that is superior to any claim of title by the current registrant and should not be subjected to various claims against their title. (Compl. 8-9.) Plaintiffs plead facts sufficient to establish a claim for quiet title.

## C. Conversion

Virginia law defines "conversion" as "the wrongful exercise or assumption of authority over another's goods, depriving the owner of their possession, or any act of dominion wrongfully exerted over property in denial of, or inconsistent with, the owner's rights." Wells Fargo Equip. Fin., Inc. v. State Farm Fire & Cas. Co., 805 F. Supp. 2d 213, 221 (E.D. Va. 2011), aff'd, 494 F. App'x 394 (4th Cir. 2012)(quoting Simmons v. Miller, 261 Va. 561, 544 S.E.2d 666, 679 (2001)). Plaintiffs are the owner of the domain yet registrant has taken control and is wrongfully exercising authority over the domain. (Compl. 9.) This wrongful control by registrant deprives plaintiffs of their

11

rights over the domain. (Id.) Plaintiffs have plead sufficient facts to establish a claim of conversion.

## IV. REQUESTED RELIEF

Plaintiff seeks an order that Verisign, Inc. the operator of the .COM registry, change the register of record for the domain to plaintiffs' registrar of choice and further order that Name.com, if selected to continue as the registrar, take the necessary steps to have plaintiff listed as the registrant for the domain. (Compl. 9; Mem. Supp. Mot. Default J. 7-8.)

## V. RECOMMENDATION

For the reasons outlined above, the undersigned recommends that default judgment be entered in favor of plaintiffs with respect to the domain <costarica.com> for violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). The undersigned further recommends that Verisign, Inc. be required to transfer the domain to plaintiffs pursuant to 15 U.S.C. § 1125(d)(1)(C). To that end, the undersigned recommends that the district judge enter an order containing the specific language requested by plaintiff on page one of the proposed order attached to Plaintiff's Memorandum in Support of Motion for Default Judgment. (Dkt. 11-2.)

## VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

~~February~~ March 6, 2017
Alexandria, Virginia